IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**THEODORE CLARK,**
*Individually, and on behalf of himself and others similarly situated,*

Plaintiff,

v.                                                                         No._____

**GALLIMORE RESTORATION, LLC,**
**d/b/a SERVPRO OF LBL SOUTH,**
and **SERVPRO OF LBL NORTH**

**FLSA Multi-Plaintiff Action**
**JURY DEMANDED**

Defendant.

## ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

Plaintiff, Theodore Clark ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated, files this Multi-Plaintiff Action Complaint, averring as follows:

1. This is a multi-plaintiff action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Gallimore Restoration, LLC, d/b/a Servpro of LBL South and Servpro of LBL North ("Defendant") on behalf of Plaintiff, individually, and on behalf of himself and all similarly situated hourly-paid production techs who worked for Defendant during the past three (3) years. Plaintiff and those similarly situated seek damages for unpaid pre-shift "off the clock" work time and unpaid meal period "off the clock" work time.

1

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff performed work for Defendant in this District during all times material. In addition, Defendant has conducted business in this District during all times material.

## PARTIES

4. Defendant Gallimore Restoration, LLC is a Kentucky Limited Liability Company with offices located at 402 E. Wood Street, Paris, Tennessee 38242 and also at 207 South 7th Street, Murray, Kentucky 42071. Defendant's registered agent for service of process is: Trevor H. Coleman, 408 Main Street, Murray, Kentucky 42071.

5. Plaintiff, Theodore Clark, worked as an hourly-paid production tech for Defendant during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Clark's Consent to Join is attached hereto as *Exhibit A*.

6. Defendant and its affiliates, Servpro of LBL North and Servpro of LBL South, constitute an integrated enterprise as that term is defined by U.S.C § 203(r) because their related business activities are performed through a unified operations of common control and were/are for a common business purpose.

## FACTUAL ALLEGATIONS

7. Defendant provides commercial and residential restoration and clean-up services for customers.

8. Plaintiff Clark was employed by Defendant as a production tech during all times relevant and material to this action.

9. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times relevant and material to this action.

10. At all times relevant and material to this action, Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid production techs also have engaged in commerce and the production of goods for commerce on behalf of Defendant during the applicable statutory period.

12. Plaintiff and those similarly situated typically worked forty (40) hours or more per week within weekly pay periods during all times relevant and material to this Complaint.

13. Plaintiff and those similarly situated performed work for Defendants in excess of forty (40) hours per week within weekly pay periods during all times material and relevant to this action without being compensated for all of such time at the applicable FLSA overtime compensation rates of pay.

14. More specifically, Defendant had a common practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiff and those similarly situated to perform work prior to the beginning of their scheduled shifts, such as preparing their tools and trucks for work, taking out trash, etc., without compensating them for such pre-shift "off the clock" work at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this multi-plaintiff action.

15. Additionally, Defendant had a common practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiff and those similarly situated to work during unpaid meal periods within weekly pay periods during all times relevant and material, without compensating them for such "off the clock" work time at the applicable FLSA overtime compensation rates of pay.

16. The unpaid pre-shift "off the clock" and unpaid meal period "off the clock" claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's FLSA violations.

17. Defendant's common practice of not compensating Plaintiff and those similarly situated for their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

18. Defendant's unlawful actions and inactions were willful and with reckless disregard to the FLSA overtime compensation requirements, and without a good faith basis.

19. Defendant failed to keep accurate time records of Plaintiffs and potential plaintiffs – in violation of the FLSA.

20. As a result of Defendant' lack of a good faith basis and willful failure to pay Plaintiff and potential plaintiffs in compliance with the requirements of the FLSA, Plaintiff and those similarly situated to this action have suffered lost wages in terms of lost overtime compensation as well as other irreputable damages.

21. The net effect of Defendant's common practice of not compensating Plaintiff and potential plaintiffs for all their overtime compensation was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff and potential plaintiffs to this action.

## FLSA MULTI-PLAINTIFF ACTION ALLEGATIONS

22. Plaintiff brings this case as a multi-plaintiff action on behalf of himself and potential plaintiffs to this action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

23. Plaintiff seeks to send notice to the following group of similarly situated current and former employees of Defendant:

    > All current and former hourly-paid production tech employees of Defendant anywhere in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "potential plaintiffs").

24. Plaintiff and potential plaintiffs to this action are "similarly situated" for purposes of 29 U.S.C. §216(b) in that Defendant employed a common pay practice that resulted in a failure to pay them for all their overtime hours worked - in violation of the FLSA.

25. This lawsuit is properly maintained as a multi-plaintiff action because Plaintiff is similarly situated to potential plaintiffs in that they were similarly subjected to Defendant's unlawful time keeping, pay and compensation policies and practices.

26. More specifically, Plaintiff and potential plaintiffs to this action were subjected to Defendant's common practice of requiring, inducing, expecting, and/or suffering and permitting, them to perform pre-shift work tasks, without compensating them for such "off the clock" work time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times relevant to this action.

27. In addition, Plaintiff and potential plaintiffs also were subjected to Defendant's common practice of being required, induced, expected, and/or suffered and permitted, to perform

"off the clock" work duties during unpaid meal periods, without being compensated for such "off the clock" work time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times relevant to this action.

28. This action also is properly maintained as a multi-plaintiff action because the unpaid "off the clock" wage claims of Plaintiff and potential plaintiffs are unified through a common theory of Defendant's FLSA violations.

29. The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and potential plaintiffs to this action. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

30. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as his interests are in complete alignment with their interests, i.e., to pursue their unpaid "off the clock" wage claims, as previously described.

31. Counsel for Plaintiff will adequately protect his interests as well as the interests of potential plaintiffs who join this action.

32. Defendant required Plaintiff and potential plaintiffs to perform "off the clock" work duties within weekly pay periods during all times material to this action, without compensating them at the applicable FLSA overtime rates of pay for such compensable time.

33. Defendant knew Plaintiff and potential plaintiffs performed "off the clock" work duties that required additional overtime compensation to be paid. Nonetheless, Defendant operated under a common pay practice to deprive Plaintiff and potential plaintiffs of such

FLSA required overtime compensation.

34. Defendant's conduct was willful with reckless disregard to established FLSA overtime requirements, and without a good faith basis for such conduct.

35. Plaintiff and potential plaintiffs have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Defendant.

36. Therefore, Defendant is liable to Plaintiff and potential plaintiffs under the FLSA for failing to properly compensate them for their unpaid "off the clock" overtime wage claims.

37. Plaintiff requests this Court to facilitate notices to potential plaintiffs to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

38. Plaintiff estimates there are more than 100 potential plaintiffs to this action. The precise number of potential plaintiffs can likely be ascertained by examining Defendant's payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, potential members should be informed of the pendency of this action directly via U.S. mail, text messaging, e-mail and by posting notice in all of Defendant's work sites.

39. The unpaid overtime compensation claims of Plaintiff and potential plaintiffs may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

40. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

41. This count arises from Defendant's violation of the FLSA in connection with its failure to pay earned overtime compensation to Plaintiff and potential plaintiffs to this action.

42. At all relative times, Plaintiff and potential members of this action have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

43. At all relevant times, Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

44. At all relevant times, Plaintiff and potential plaintiffs were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

45. As a result of Defendant's common practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiff and potential plaintiffs to perform unpaid pre-shift and unpaid meal period time "off the clock," they were not paid all their overtime compensation as required by the FLSA, and as previously described.

46. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

47. Through its actions, inactions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all their unpaid overtime, as previously dscribed.

48. The foregoing actions of Defendant violated the FLSA.

49. Defendant's conduct was willful with reckless disregard to clearly defined FLSA overtime requirements, and without a good faith basis.

50. The unpaid "off the clock" wage claims of Plaintiff and potential plaintiffs are unified through a common theory of Defendant's FLSA violations.

51. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

52. Therefore, Defendant is liable to Plaintiff and potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of himself and potential plaintiffs, requests the Court to enter judgment in their favor on this Complaint and:

A. Promptly facilitate notice to potential plaintiffs under 29 U.S.C. § 216(b), apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consents to join this action under said 29 U.S.C. § 216(b),

B. Award Plaintiff and potential plaintiffs who join this action all of their unpaid overtime compensation;

C. Award Plaintiff and potential plaintiffs who join this action liquidated damages in accordance with the FLSA; .

D. Award Plaintiff and potential plaintiffs who join this action prejudgment interest (to the extent that liquidated damages are not awarded);

E. Award Plaintiff and potential plaintiffs who join this action reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. Award post-judgment interest and court costs as allowed by law;

G. Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

H. Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

I. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: August, 8th 2023.

                Respectfully Submitted,

                *s/J. Russ Bryant*
                Gordon E. Jackson (TN BPR #8323)
                J. Russ Bryant (TN BPR #33830)
                James L. Holt, Jr. (TN BPR #12123)
                J. Joseph Leatherwood (TN BPR #39490)
                **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
                Attorneys at Law
                262 German Oak Drive
                Memphis, Tennessee 38018
                Telephone: (901) 754-8001
                Facsimile: (901) 754-8524
                *gjackson@jsyc.com*
                *rbryant@jsyc.com*
                *jholt@jsyc.com*

                ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***